United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50224
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO GONZALEZ-GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1601
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Reynaldo Gonzalez-Gonzalez appeals his 70-month sentence imposed following his plea of guilty to illegal reentry following deportation. He contends that his sentence is unreasonable because the district court failed to properly weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed a term of imprisonment greater than necessary to meet the objectives of § 3553(a)(2).

Gonzalez's sentence fell at the lowest end of his properly calculated advisory guideline range and is presumptively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable.  See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).  Giving "great deference" to such a sentence, and recognizing that the sentencing court considered all the factors for a fair sentence under § 3553(a), we conclude that Gonzalez has failed to rebut the presumption that his sentence was reasonable.  See id.

Gonzalez challenges 18 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Gonzalez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Gonzalez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Gonzalez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.